# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ALICIA CLINE,**

          **Plaintiff,**

**v.**                                     **Case No:  6:17-cv-1373-Orl-22-DCI**

**COMMISSIONER OF SOCIAL
SECURITY,**

          **Defendant.**

_____

# REPORT AND RECOMMENDATION

Alicia Cline (Claimant) appeals the Commissioner of Social Security's final decision denying her application for disability benefits.  Doc. 1.  Claimant raises a single argument challenging the Commissioner's final decision and, based on that argument, requests that the matter be reversed and remanded for further proceedings.  Doc. 18 at 8-11, 16.  The Commissioner argues that the ALJ committed no legal error and that his decision is supported by substantial evidence and should be affirmed.  *Id*. at 11-16.  The undersigned **RECOMMENDS** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

## I.    PROCEDURAL HISTORY.

This case stems from Claimant's application for disability insurance benefits, in which she alleged a disability onset date of January 1, 2010.  R. 154-55.  Claimant's application was denied on initial review and on reconsideration.  The matter then proceeded before an ALJ.  On August 31, 2015, the ALJ held a hearing, at which Claimant and her representative appeared.  R. 28-59.  The ALJ entered his decision on June 2, 2016, and the Appeals Council denied review on June 5, 2017.  R. 1-3, 17-23.  This appeal followed.

## II.     THE ALJ'S DECISION.

The ALJ found that Claimant suffered from the following severe impairments: osteoarthritis of both knees; degenerative disc disease of the lumbar spine; and fibromyalgia. R. 19. The ALJ also found that Claimant suffered from a non-severe impairment of anxiety disorder. R. 19-20. The ALJ, however, determined that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment. R. 20.

The ALJ next found that Claimant had the residual functional capacity (RFC) to perform a full range of sedentary work as defined in 20 C.F.R. § 404.1567(a)[1] with no additional limitations. *Id*. In light of this RFC, the ALJ found that Claimant was able to perform her past relevant work as a customer complaint clerk and an employment and claims aide. R. 22-23.[2] Thus, the ALJ concluded that Claimant was not disabled between her alleged disability onset date, January 1, 2010, through her date last insured, June 30, 2014. R. 23.

## III.    STANDARD OF REVIEW.

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d

---

[1] Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

[2] The ALJ elected not to proceed to step five of the sequential evaluation process. *See* R. 23.

1436, 1440 (11th Cir. 1997).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.    <u>ANALYSIS</u>.

Claimant argues that the ALJ relied solely on objective medical evidence in rendering his credibility determination, and, thus, failed to apply the correct legal standards in rejecting Claimant's testimony. Doc. 18 at 9-11 (citing SSR 16-3p, 2016 WL 1237954 (March 24, 2016)). Thus, Claimant requests that the Commissioner's final decision be reversed and remanded for further proceedings. *Id*.

The Commissioner argues that the ALJ did not rely solely on objective medical evidence in rejecting Claimant's testimony, but, instead, relied on "objective medical evidence, medical opinions, [and] daily activities" in rejecting Claimant's testimony concerning the intensity, persistence and limiting effects of her impairments. *Id*. at 12-13. Thus, the Commissioner argues that the ALJ applied the correct legal standard in evaluating Claimant's credibility, and that the reasons he provided in support of his credibility determination support that determination and are supported by substantial evidence. *Id*. at 14-15.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id*. at § 404.1529(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62; *see* SSR 16-3p, 2016 WL 1237954 ("The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."). The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Foote*, 67 F.3d at 1562.

Claimant testified that she is constantly in pain due to her fibromyalgia, and, as a result, can sit for no more than 5 to 15 minutes at a time, and can stand for no more than 5 to 10 minutes at a time before needing to change positions. R. 42-44. Further, Claimant testified that she cannot lift more than 5 pounds, requires a cane to walk, cannot bend or stoop, and has problems gripping objects with her hands. R. 45, 48, 51.

The ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the

4

intensity, persistence and limiting effects of these symptoms are not entirely consistent with the

medical evidence and other evidence in the record for the reasons explained in this decision." R.

21. The ALJ, subsequently, provided further explanation in support of this determination,

explaining:

> Prior to the date last insured, (DLI), the VA medical records do not document the level of severity of the claimant's musculoskeletal and rheumatological impairments that would be expected to cause the degree of pain and limitation stated by claimant.

> After reviewing the record in its entirety, the undersigned notes that the record reflects continued treatment for the claimant's alleged conditions. The medical evidence, the objective medical findings, and the medical opinion evidence, does not support the degree of limitation alleged and portrayed by the claimant.

> Although the claimant does have certain impediments, the limitations alleged are more restrictive than those supported by the objective medical evidence. Thus, in consideration of the entire record, the undersigned finds that the limitations incorporated into the residual functional capacity are consistent with the objective medical evidence presented.

> . . .

> The claimant's evaluation of symptoms and evidence generally does not support the alleged loss of functioning to prevent her from performing sedentary work activity.

> . . .

> Although the claimant does have certain impediments, the limitations alleged are more restrictive than those supported by the objective medical evidence. Thus, in consideration of the entire record, the undersigned finds that the limitations incorporated into the residual functional capacity are consistent with the objective medical evidence presented.

R. 21-22. Thus, while the ALJ's repeated reference to objective medical evidence suggests that

he relied primarily – if not exclusively – on that evidence in rendering his credibility determination,

a close review of the ALJ's decision reveals that he also relied on medical opinion evidence.[3]  In spite of this fact, the undersigned finds, as explained below, that the ALJ did not apply the correct legal standards in rendering his credibility determination.

The reasoning articulated by the ALJ in support of his credibility determination is conclusory, because he does not identify any specific medical or opinion evidence that supports his determination that Claimant's testimony concerning the intensity, persistence and limiting effects of her impairments is "not entirely consistent" with the medical record as a whole.  *See* R. 20-22.  The ALJ, instead, generally points to the record in support of his credibility determination. The lack of any specificity runs contrary to the standards set forth by the Commissioner and the Eleventh Circuit, which standards require the ALJ to articulate specific reasons in support of his or her credibility determination.  *Foote*, 67 F.3d at 1561-62; SSR 16-3p, 2016 WL 1237954.  Thus, the undersigned finds that the ALJ did not apply the correct legal standard in considering Claimant's credibility, and, as a result, the Court is unable to conduct a meaningful review of the ALJ's credibility determination in order to determine that it is supported by substantial evidence.

---

[3] The Commissioner, as discussed above, argues that the ALJ also relied on Claimant's activities of daily living in rendering his credibility determination.  Doc. 18 at 12-13 (citing R. 22).  The undersigned disagrees.  The ALJ mentions Claimant's daily activities of living once on the page cited by the Commissioner:

> In summary , the above residual functional capacity assessment is supported by the medical evidence of record, the opinions of examining consultants, and the testimony received by the undersigned at the hearing held on August 31, 2015.  It is also consistent with the claimant's acknowledged activity levels and demonstrated abilities as of the alleged onset date.

R. 22.  The ALJ's reference to Claimant's activities of daily living was made in support of the RFC determination, and not the ALJ's credibility determination.  Indeed, the ALJ's decision contains no explanation as to how her activities of daily living contravene her testimony concerning her limitations.  *See* R. 20-22.  Thus, the undersigned finds that the ALJ did not rely on Claimant's activities of daily living in rendering his credibility determination.

Further, specific reasoning is particularly necessary in a case, such as this, where the claimant is found to suffer from fibromyalgia.  The Social Security Administration issued SSR 12-2p to assist factfinders in the evaluation of fibromyalgia, and it provides, in relevant part, as follows:

> If objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects of symptoms, we consider all of the evidence in the case record, including the person's daily activities, medications or other treatments the person uses, or has used, to alleviate symptoms; the nature and frequency of the person's attempts to obtain medical treatment for symptoms; and statements by other people about the person's symptoms.

SSR 12-2p, 2012 WL 3104869, at *5 (July 25, 2012).  Thus, when evaluating the testimony of a claimant who suffers from fibromyalgia, the ALJ must consider the record as a whole.  *Id*.  The ALJ's conclusory reasoning demonstrates that he relied primarily – if not exclusively – on the objective medical evidence.  Thus, in addition to the conclusory nature of the ALJ's credibility determination, the undersigned finds that the ALJ's credibility determination does not comport with the requirements of SSR 12-2p.

The Commissioner attempts to provide the reasoning that is lacking from the ALJ's credibility determination.  *See* Doc. 18 at 14-15.  This, however, amounts to *post hoc* rationalization, as it attempts to either point to evidence or offer reasons – such as the nature of Claimant's daily activities – supporting the ALJ's credibility determination that the ALJ did not point to or articulate in his decision.  The Court will not affirm the ALJ's credibility determination based on such *post hoc* rationalization.  *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir.

1984)).[4]  Accordingly, the undersigned finds the matter must be reversed so the ALJ can articulate the reasons supporting his credibility determination and evaluate Claimant's fibromyalgia in accordance with SSR 12-2p.

**V.      CONCLUSION.**

For the reasons stated above, it is **RECOMMENDED** that the Court:

1.      **REVERSE** and **REMAND** the final decision of the Commissioner; and

2.      Direct the Clerk to enter judgment in favor of the Claimant and against the Commissioner, and close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 29, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[4] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.